993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Monroe CURTIS, Defendant-Appellant.
 No. 92-3298.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Monroe Curtis pleaded guilty to a charge of escaping from the Federal Prison Camp (FCP) in Leavenworth, Kansas, in violation of 18 U.S.C. § 751(a). The only issue in this direct criminal appeal is whether defendant was entitled to a two-level reduction in offense level for acceptance of responsibility. We reverse only if the district court's finding is clearly erroneous. United States v. Ross, 920 F.2d 1530, 1537 (10th Cir.1990).
 
 
 3
 Defendant escaped from the FPC on or about September 22, 1990. He remained at large for approximately eighteen months. While a fugitive, defendant assumed a new identity, resided with a federal parolee he had met in prison, and was indicted in Iowa on drug-related charges. Defendant was ultimately apprehended and entered a guilty plea two-and-a-half months after his capture. Defendant cooperated with the presentence investigation and expressed remorse when interviewed in connection with preparation of the presentence report (PSR). The plea agreement included the government's promise not to oppose defendant's request for a two-level reduction in offense level for acceptance of responsibility and to recommend the minimum sentence. The court rejected the reduction and sentenced defendant to the maximum period of incarceration, thirty-seven months, under the guidelines.
 
 
 4
 We have read the record and briefs, and cannot find fault with the district court's analysis in denying defendant a two-level reduction in his offense level. The Guideline provisions and Application Notes provide as follows:
 
 
 5
 § 3E1.1. Acceptance of Responsibility
 
 
 6
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 
 
 7
 (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
 
 
 8
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
 
 Application Notes:
 
 9
 1. In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:
 
 
 10
 (a) voluntary termination or withdrawal from criminal conduct or associations;
 
 
 11
 ....
 
 
 12
 (d) voluntary surrender to authorities promptly after commission of the offense;
 
 
 13
 ....
 
 
 14
 (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.
 
 
 15
 Within this framework, defendant had the burden to prove by a preponderance of the evidence that he was entitled to a reduction or credit in his offense level. United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir.), cert. denied, 498 U.S. 829 (1990).
 
 
 16
 Defendant's conduct during his escape unequivocally demonstrated his intent to avoid apprehension as long as possible. He traveled throughout the country before his arrest in Iowa. Defendant's guilty plea, cooperation and remorse at the time the PSR was prepared do not overcome his failure to promptly surrender after his escape, his activities that led to another criminal indictment, and his association with other criminals while he was at large. The record contains sufficient factual basis for refusing a reduction in offense level for acceptance of responsibility.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3